UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. BOWEN, aka WILLIAM JOSEPH BOWEN,<br><br>        Petitioner,<br><br>vs.<br><br>P.L. VAZQUEZ,<br><br>        Respondent. | ) Case No. EDCV 09-0752-FMC(RC)<br>)<br>)<br>) OPINION AND ORDER ON A<br>) PETITION FOR HABEAS CORPUS<br>) AND<br>) ORDER TO SHOW CAUSE WHY<br>) PETITIONER SHOULD NOT BE DECLARED<br>) A VEXATIOUS LITIGANT<br>) |

On March 30, 2009, petitioner William J. Bowen, aka William Joseph Bowen, a person in state custody proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Southern District of California, which transferred the action to this district court on April 14, 2009. The petition shows on its face that petitioner pleaded guilty to driving under the influence in 1999, and did not appeal that judgment or seek review from the California Supreme Court. Petition at 2-3. However, he currently has a habeas corpus petition or petition to vacate judgment pending in the San Bernardino County Superior Court. See Petition, Attachments.

//

**DISCUSSION**

**I**

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court.  28 U.S.C. §§ 2254(b) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842-43, 119 S. Ct. 1728, 1731, 144 L. Ed. 2d 1 (1999); Rose v. Lundy, 455 U.S. 509, 515-16, 102 S. Ct. 1198, 1201-02, 71 L. Ed. 2d 379 (1982); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 984-85 (9th Cir.), cert. denied, 119 S. Ct. 274 (1998).  "The exhaustion-of-state-remedies doctrine, now codified [at] 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971) (internal quotation marks, citations and footnote omitted); O'Sullivan, 528 U.S. at 844-45, 119 S. Ct. at 1732; Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996).  "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."  Rose, 455 U.S. at 518, 102 S. Ct. at 1203.

Here, petitioner in is the process of petitioning the California courts for collateral relief, and that process has not been completed. Since petitioner's claims have not yet been exhausted in the state courts, the pending habeas petition must be dismissed without prejudice.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S. Ct. 2546, 2554-55, 115 L. Ed. 2d 640 (1991); Lundy, 455 U.S. at 522, 102 S. Ct. at 1205.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify petitioner." The instant petition shows that petitioner has not exhausted his state court remedies regarding the claims in the pending petition; thus, the petition must be dismissed without prejudice.

**II**

This is petitioner's **fourth** habeas corpus petition in 2009 challenging a state court criminal matter **before** petitioner has exhausted his state court remedies. Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the other habeas corpus actions petitioner has brought in 2009: (1) Bowen v. Vazquez, case no. EDCV 09-0472-FMC(RC) ("Bowen I"), which was dismissed without prejudice on March 18, 2009, due to petitioner's failure to exhaust his state court remedies; (2) Bowen v. Vazquez, case no. EDCV 09-0514-FMC(RC) ("Bowen II"), which was dismissed without prejudice on March 24, 2009, due to petitioner's failure to exhaust his state court remedies; and (3) Bowen v. Vazquez, case no. SACV 09-0359-FMC(RC) ("Bowen III"), which is in the process of being dismissed without prejudice. In Bowen I and Bowen II, the Court fully explained its rationale to petitioner, and advised him the filing was premature, as the Court does again in this decision. Yet, petitioner ignored the Court's explanations and advice, and filed the pending matter. Thus, the Court is considering finding petitioner has abused the Court's process and is likely to continue such abuse, and is considering declaring petitioner to be a

vexatious litigant under Local Rule 83-8.1.

**ORDER**

1. IT IS ORDERED that Judgment be entered DISMISSING without prejudice the Petition for Writ of Habeas Corpus, and IT IS FURTHER ORDERED that the Clerk of Court shall notify petitioner of the dismissal without prejudice.

2. The petitioner **is ordered to show cause** why this Court should not: (a) find he has abused the Court's process, and is likely to continue such abuse; and (b) declare petitioner a vexatious litigant under Local Rule 83-8.1, and order the Clerk of Court to not file further habeas corpus petitions from petitioner without the payment of the filing fee **and** without prior written authorization from a District Judge or Magistrate Judge issued upon such showing of evidence supporting the claims as the judge may require. **If petitioner objects to being found to have abused the Court's process and to being declared a vexatious litigant, he shall file written objections within ten (10) days of the date this Order is signed by District Judge Florence-Marie Cooper.**

DATE: April 24, 2009

FLORENCE-MARIE COOPER
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DATE: April 21, 2009

/S/ Rosalyn M. Chapman
ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

R&Rs-MDOs\09-0752.mdo
4/21/09

4